MARTORELL ET AL., PLAINTIFFS AND APPELLANTS, *v.* J. OCHOA
& BROTHER ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in
an Action to annul Titles, and Ejectment.

No. 1498.—Decided July 28, 1917.

Decided on the grounds of the opinion delivered in Case No. 1499, *Martorell et al.
v. J. Ochoa & Brother et al., ante.*

Messrs. *José* and *Manuel Tous Soto* for the appellants.

*Messrs. Isidoro Soto Nussa* and *Francisco Soto Gras* for the appellees.

Opinion of the court delivered by MR. CHIEF JUSTICE HERNÁNDEZ, in which Mr. Justice Aldrey concurs.

This is an appeal by the plaintiffs from a judgment rendered in the above-entitled cause by the District Court of San Juan, Section 1, on December 22, 1915, dismissing the complaint without special imposition of costs.

The complaint prayed for judgment setting aside the sale of the joint interests of the plaintiffs in the property described therein made by Rosa Torrens, as their representative, to Juan Roure Dalmau by a deed of March 5, 1897, and also the sale by Roure Dalmau of the said joint interests to J. Ochoa & Brother by a deed of May 29, 1903; canceling the consequent records of the same; holding that the said joint interests belong to the plaintiffs; ordering the defendants to return the same to the plaintiffs together with the rents and profits received and receivable, with an itemized and verified account thereof, and imposing the costs, disbursements and attorney fees upon the defendants.

The lower court made the following findings of fact:

(*a*) Each one of the plaintiffs owns one-ninth of one-half of the property described in the complaint, or two-nineteenths in fee simple and a joint interest of one-eighth of two-nineteenths in naked ownership.

(*b*) By a deed of March 5, 1897, executed before Notary Antonio Alvarez Nava, Rosa Torrens, as representative of the plaintiffs and as their mother with *patria potestas,* sold to Juan Roure Dalmau the joint interests referred to, with the authorization of the Cathedral Court of First Instance given in its order of February 25, 1897, at which time, as well as at the time when the authorization of the court was applied for and when the deed was executed, Rosa Torrens and her minor children resided and had their domicile in the municipality of Ciales.

(*c*) By a deed also executed before Notary Antonio Al-

varez Nava on March 5, 1897, Juan Roure Dalmau mortgaged the property in question to the firm of J. Ochoa & Brother, and subsequently by a deed executed before Notary Jacinto Texidor on May 29, 1903, sold the property to the said firm, who knew that the sale to its vendor, Roure Dalmau, was authorized by the Cathedral Court of First Instance of San Juan.

(*d*) The defendant firm of J. Ochoa & Brother is in possession of the property under consideration and has been in possession of it since the year 1903, receiving the rents and profits of the same.

(*e*) J. Ochoa & Brother carried on a correspondence with Rosa Torrens and with the Succession of Pedro Martorell, addressing their letters to the town of Ciales, their residence, and knew that Ciales was the fixed residence of the said Rosa Torrens and of her children when the court granted the authorization.

The defendants alleged as a special defense that the action was barred by limitation according to section 1858 of the Revised Civil Code, and by its judgment of December 22, 1915, the court dismissed the complaint on that ground.

The appellants maintain as grounds for the appeal that the lower court erred in holding that the defendant firm of J. Ochoa & Brother acquired the joint interests in the property forming the subject-matter of this action of ejectment by ordinary acquisitive prescription by possession for ten years in good faith and under color of title.

In deciding today appeal No. 1499 in a similar case between the same parties involving identical questions of law, we reached the conclusion that the judgment appealed from should be affirmed and held accordingly.

We are of the opinion that, instead of infringing section 1858 of the Civil Code the District Court of San Juan has made proper application of the same, which provides that ownership and other property rights in real property shall prescribe by possession for ten years as to persons present

and for twenty years with regard to those absent, in good faith and with a proper title.

There is no doubt that J. Ochoa & Brother have been in possession of the said joint interests for more than ten years, which is the period of time applicable to this case, as the prescription involved is as to persons present.

The possession has been in good faith, which, according to section 437 of the Civil Code, is always presumed, and any person averring bad faith on the part of a possessor is bound to prove the same. Such bad faith, being a question of fact, should have been proved, but it was not; nor was it shown by the evidence that J. Ochoa & Brother knew that the public deed which gave them the title; that is, the deed executed to them by Juan Roure Dalmau, contained any defect which would invalidate it; and according to sections 436 and 1851 of the Civil Code, this is sufficient to show that their possession was in good faith. The good faith of a possessor, which, as we have said before, is always presumed, consists in his belief that the person from whom he received the thing was the owner of the same and could convey his title, according to section 1851 of the Civil Code. In considering what constitutes mere belief sufficient to establish good faith, it is not necessary to apply the strict principle of law as in a case where it is sought to determine the validity of the act, according to the judgment of the Supreme Court of Spain of October 2, 1908, 112 Civ. Jur. p. 39. The authorization of the sale by the Cathedral Court of First Instance corroborates the presumption of good faith on the part of the possessor.

In so far as regards the colorable title for acquisition by prescription, which in the present case is the deed executed by Juan Roure Dalmau in favor of J. Ochoa & Brother, although it could not have conveyed to the firm the ownership of the property sued for because of the invalidity of the title of the vendor, yet inasmuch as the said deed, besides conforming to all the external requirements of law, constitutes

in form a title conveying ownership, it is evident that it fulfils the requirements of sections 1853 and 1854 of the Revised Civil Code, because if it is required that the title relied on shall convey to the purchaser in fact and in law the ownership of the thing, there would be no need for him to set up the plea of prescription and this mode of acquisition, in so far as it relates to ordinary prescription, would be superfluous and would have to be eliminated from the methods of acquiring title under our laws as unnecessary and useless. Judgment of the Supreme Court of Spain of January 30, 1910, 119 Civ. Jur. 486.

For the foregoing reasons and those stated in the opinion on which our decision in appeal No. 1499 rests, which we here ratify and reproduce, we are constrained to arrive at the same final conclusion.

The judgment appealed from should be

*Affirmed.*

Mr. Justice Hutchison concurred in the judgment.
Justices Wolf and del Toro dissented.